UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELYN CRUSE, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

SPECLIALIZED LOAN SERVICING, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,
       Defendants.
_____/

CASE NO.: 3:20-cv-506-J-34JBT

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, JACQUELYN CRUSE, files this Unopposed Motion for Leave to File Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and submits her proposed Amended Complaint in compliance with Local Rule 4.01. In support, therefore states:

1. Plaintiff filed her original Complaint on May 20, 2020 against the Defendants Specialized Loan Servicing, LLC and Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and the Florida Consumer Collections Practices Act.

2. After filing the Complaint, the Defendants were served and Plaintiff and Defendant SLS have engaged in preliminary case discussions and informal discovery. Following this, Plaintiff found that her TCPA class claims were untenable and therefore, should be removed from the suit.

1

3. Plaintiff seeks leave of this Court to file an Amended Complaint to reflect the updated claims and factual allegations from these discussions, including the addition of a new class claim under the FDCPA.

4. Defendant SLS has not yet answered the Complaint and thus will not be prejudiced by the Amended Complaint.

5. The current deadline to amend claims or parties in this suit is December 1, 2020.

6. A copy of the proposed Amended Complaint is attached as **Exhibit A**.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant her motion for leave to amend her Complaint and file the attached Amended Complaint.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]'

by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Id*. At 1163 (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a):

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).

"District Courts have only limited discretion to deny a party leave to amend the pleading.  Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." *Grayson v. Kmart Corp*., 79 F.3d 1096, 1110 (11th Cir. 1996) (citing Espey, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.*

3

In the case *sub judice*, none of the reasons identified above exist in order to deny Plaintiff's Unopposed Motion for Leave to Amend. There is no prejudice or delay to Defendants as the case was relatively recently filed and the amendment will occur within the time set by the Scheduling Order. Further, the amendment removes Plaintiff's TCPA Class claims. Therefore, Plaintiff respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiff to file the attached Amended Complaint.

Date:   October 16, 2020.

  /s/Max Story, Esq.
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff

**Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), on October 16, 2020, counsel for all parties have conferred regarding this motion and Defendants are currently reviewing the Amended Complaint and Plaintiff's counsel will update the certification accordingly.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2020, I electronically filed the foregoing with Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Max Story, Esq.
**Max Story, Esquire.**
