**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JACQUELYN CRUSE, individually and on behalf of all others similarly situated,**

**CASE NO.: 3:20-cv-506-J-34JBT**

      **Plaintiff,**

**v.**

**SPECLIALIZED LOAN SERVICING, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,**
      **Defendants.**

**CLASS ACTION**
**DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

_____/

## AMENDED CLASS ACTION COMPLAINT

1.      This is a class action brought by Plaintiff, JACQUELYN CRUSE under the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act (FCRA). This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692k, 28 U.S.C. § 1334 (b), and 15 U.S.C. § 1681p.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this class action lawsuit under 28 U.S.C. §1331. Venue in this District is proper because SLS maintains and conducts business within this District, Experian maintains and does business in this District, pursuant to FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## STANDING

3.      Plaintiff has individual standing under the FCRA to bring her claims as she was damaged by Defendant SLS's and Experian's improper reinvestigations of credit through reduction of her credit score and creditworthiness, among other actual damages.

1

4.      Plaintiff and the Classes' harms are particularized in that the damages from Defendant's conduct affected Plaintiff and the Class personally.

5.      Plaintiff and the Classes' harms are concrete in that they are cognizable as actual damages under the FCCPA and the FDCPA, in addition to the statutory damages provided by Congress.

6.      Together, the aforementioned actual and statutory damages produce cognizable damages under Article III both as to the Class harms and Plaintiff's individual damages under the FCRA.

### PARTIES

7.      Plaintiff is a natural person and a resident of Duval County, Florida.  At all times material hereto, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(2), and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA., and a "person" as defined by 47 U.S.C. §153(39).  Plaintiff has standing to bring a claim under the FCCPA, the FDCPA and FCRA because she was directly affected by violations of these Acts, and was subjected to Defendant's illegal and improper debt collection activities.

8.      Defendant SLS is a Delaware corporation specializing in mortgage servicing, based in Highlands Ranch, CO.

9.      Defendant SLS is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10.      Defendant SLS is a "creditor" as it is defined in Fla. Stat. §559.55(5) and is a "debt collector" as it is defined under 15 USC 1692a(6).

11.     Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626 and is subject to the jurisdiction of this Court.

12.     At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

13.     Plaintiff filed Chapter 13 bankruptcy in May 16, 2014. In the bankruptcy, she included a mortgage on her property at 235 East 25th Street, in Jacksonville, Florida (the "Debt'). The 235 East 25th Street residence was listed as a "rental property" on her Chapter 13 bankruptcy petition. However, the home was originally purchased as homestead by Plaintiff and she resided there for a period of time as her homestead prior to renting it to tenants.

14.     In her Statement of Intentions in the bankruptcy, Plaintiff surrendered her interest in the property in satisfaction of the debt. At the time of the bankruptcy, the debt on the property was worth more than the property itself.

15.     Plaintiff completed her Chapter 13 bankruptcy and was discharged on July 3, 2018. The Order of Discharge provided notice to the creditors that the note and underlying debt secured by the subject mortgage was not collectable.  Pursuant to the bankruptcy discharge order, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

16.     The Bankruptcy Code recognizes the vulnerabilities of debtors and implements a strict procedure for reaffirmations of debt by debtors under 11 U.S.C. § 524 (c). This statute

requires public and timely filing of all reaffirmation agreements, that the debtor be given written disclosures and provides the debtor an opportunity to rescind the reaffirmation agreement. All of these protections are designed to make sure a debtor does not forfeit the fresh start protections available under the U.S. Bankruptcy Code.

17.     No reaffirmation agreement was ever exchanged, agreed to or filed with the Bankruptcy Court with respect to the subject mortgage

18.     Upon discharge of the bankruptcy, the Debt was in default. Plaintiff had not paid on it since May 2014, and therefore, was over 48 payments behind.

19.     On October 12, 2019, the mortgage was assigned to U.S. Bank, with SLS as mortgage servicer. *See Exhibit A.*   In transferring its file to Defendant SLS, on information and belief, Bank of America gave notice to Defendant that Plaintiff had filed for protection under the U.S. Bankruptcy Code; listed the mortgage debt on her bankruptcy schedules; communicated that she would surrender the real property to the mortgage creditor; and received a discharge of the debt. Moreover, on information and belief, Bank of America provided Defendant with documents indicating that Plaintiff had not paid in over four years.

20.     Following the discharge and assignment of mortgage, Defendant SLS began sending billing statements, demanding payment for the Debt. Among these statements, was one sent on March 4, 2020. *See Exhibit B, March 4, 2020 Statement.*

21.     These billing statements demanded payment included terms such as "total amount due", "monthly payment notice", "finance charge" and included a "payment coupon." The statement disclosed that it was "from a debt collector." *See Exhibit B.*

22.     In addition, the back of *Exhibit B* contains the following disclosure:

**BANKRUPTCY NOTICE – IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE**

4

**OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO INFORM YOU OF THE STATUS OF THE MORTGAGE SECURED BY THE SUBJECT PROPERTY. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE REICEVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SETCION 362 OF THE UNITED STATES BANKRUPTCY CODE. IF YOU RECEVIED A DISCHARGE OF THE DEBT IN BANKRUPTCY, WE ARE AWARE THAT YOU HAVE NO PERSONAL OBLIGATION TO REPAY THE DEBT. WE RETAIN THE RIGHT TO ENFORCE THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY, IF ALLOWED BY LAW AND/OR CONTRACT. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.**

23.     "If, Then" disclosures like this one have been criticized by the Middle District of Florida Judge Morales Howard as confusing for consumer:

> "Because the disclaimers on which Carrington relies are only on the back of the Statement, and because they are conditional (stating that the mortgage statement is not an attempt to collect a debt 'if' the borrower has filed for bankruptcy or received a discharge), a reasonable fact finder could conclude that the June 2013 Statement as a whole would be confusing to the least-sophisticated consumer. As the Court previously concluded in denying Carrington's motion to dismiss, the disclaimers on the back of the June 2013 Statement "can be viewed as either inconsistent or at least confusing, particularly in light of the amount due on the first page, and can leave a consumer guessing as to whether or not they owe the debt."

Prindle v. Carrington Mortgage Services, LLC, Case No. 3:13-cv-01349-MMH-PDB (M.D. Fla. Aug. 16, 2016) at *38 (internal citations omitted).

24.     In addition to the above, on January 17, 2020, Defendant SLS sent Plaintiff a letter stating: "Our records show that your hazard insurance has expired, and we do not have evidence that you have obtained new coverage. . . . **You must pay us** for any period during which the insurance we buy is in effect but you do not have insurance." ***See Exhibit C.***

25.     There were no disclaimers like ***Exhibit B*** on ***Exhibit C.***

26.     This letter demands payment for hazard insurance that Plaintiff had no legal obligation to pay.

27.     In the case at bar, this Defendant attempted to collect on a debt that was not owed and had been discharged under 11 U.S.C.A. § 727 of the Bankruptcy Code.  As Judge Posner stated:  "Dunning people for their discharged debts would undermine the 'fresh start' rationale of bankruptcy and is prohibited by the [FDCPA] which … prohibits a debt collector from making a 'false representation of the character, amount, or legal status of any debt.' "

28.     Upon information and belief, Defendant SLS employs a nationwide business model and/or computer software platform that systematically permits SLS to indiscriminately seek monetary recovery from persons who have received Chapter 7 or Chapter 13 bankruptcy discharges, through the creation use and dissemination of collection communications like the billing statements in *Exhibit B* and letters like *Exhibit C,* regardless of whether the people voluntarily relinquished their rights to the property.

## FACTUAL ALLEGATIONS RELATED TO FCCPA CLASSES

29.     Upon information and belief, for each member of the FCCPA Billing Class:

a.   The member was a citizen of Florida at all relevant times;

b.   The member had a consumer debt in the form of a home mortgage which was originally incurred for personal or household use;

c.   The member filed a bankruptcy, including the home mortgage debt;

d.   The member surrendered the property subject to the mortgage debt;

e.   The member had the mortgage debt discharged in bankruptcy;

f.   Defendant SLS serviced or services the file;

g.   Defendant SLS has record of the discharge in its file; and

h.   Defendant SLS sent a billing statement with the same or similar wording as *Exhibit B* following discharge.

30.     Upon information and belief, each of the FCCPA Hazard Insurance Class has the following:

    a.  The member was a citizen of Florida at all relevant times;

    b.  The member had a consumer debt in the form of a home mortgage which was originally incurred for personal or household use;

    c.  The member filed a bankruptcy, including the home mortgage debt;

    d.  The member surrendered the property subject to the mortgage debt;

    e.  The member had the mortgage debt discharged in bankruptcy;

    f.  Defendant SLS serviced or services the file;

    g.  Defendant SLS has record of the discharge in its file; and

    h.  Defendant SLS sent a hazard insurance letter with the same or similar wording as *Exhibit C* following discharge.

### FACTUAL ALLEGATIONS RELATED TO FDCPA CLASSES

31.     Upon information and belief, for each member of the FDCPA Billing Class:

    a.  The member was a citizen of the United States at all relevant times;

    b.  The member had a consumer debt in the form of a home mortgage which was originally incurred for personal or household use;

    c.  The member filed a bankruptcy, including the home mortgage debt;

    d.  The member surrendered the property subject to the mortgage debt;

    e.  The member had the mortgage debt discharged in bankruptcy;

    f.  The member defaulted on the mortgage debt;

    g.  Defendant SLS serviced or services the debt following default; and

    h.   Defendant SLS sent a billing statement with the same or similar wording as ***Exhibit B*** following discharge.

32.    Upon information and belief, each of the FDCPA Hazard Insurance Class has the following:

    a.   The member was a citizen of the United States at all relevant times;

    b.   The member had a consumer debt in the form of a home mortgage which was originally incurred for personal or household use;

    c.   The member filed a bankruptcy, including the home mortgage debt;

    d.   The member surrendered the property subject to the mortgage debt;

    e.   The member had the mortgage debt discharged in bankruptcy;

    f.   The member defaulted on the mortgage debt;

    g.   Defendant SLS serviced or services the debt following default; and

    h.   Defendant SLS sent a hazard insurance letter with the same or similar wording as ***Exhibit C*** following discharge.

## FCRA INDIVIDUAL ALLEGATIONS

33.    Following the Chapter 13 bankruptcy, sometime in October 2019, SLS began reporting the discharged Debt as late and owing over $47,000 on Plaintiff's Experian Report.

34.    In response to this, on or about March 14, 2020, Plaintiff submitted a dispute letter (hereinafter "Dispute Letter") via U.S. mail to Experian disputing the reporting of the SLS account. *See attached the* "Dispute Letter" *as **Exhibit D.***

35.    On April 10, 2020, Experian responded to the  Dispute Letter, finding that SLS's information was verified as accurate and updated on Plaintiff's credit report, reflecting not only

late payments for the discharged obligation, but also that a foreclosure had begun against Plaintiff. *See attached the* "Experian Response" *as **Exhibit E.***

36.     After receiving Plaintiff's dispute, Experian notified SLS of Plaintiff's dispute of the Debt.

37.     Upon information and belief, SLS was informed of this dispute, failed to conduct a reasonable investigation of such, and verified to Experian that the disputed information was being reported accurately even though the account is completely inaccurate.

38.     When Plaintiff disputed the account, Defendant Experian was required to perform a reinvestigation; however, Defendant Experian did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

39.     When Plaintiff disputed the account, Defendant SLS was required to perform a reinvestigation; however, Defendant SLS continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

40.     As a result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion.

41.     As a result of Defendants' inaccurate credit reporting of the Debt on Plaintiff's credit reports, Plaintiff's credit score was reduced and her creditworthiness reputation was damaged considerably.

42.     Defendant SLS in fact had the audacity to include a foreclosure now on Plaintiff's discharged account, thereby harming her credit further.

## CLASS ACTION ALLEGATIONS

43.     This action is brought on behalf of the following Classes:

The FCCPA Billing Class:

(1) All persons in the State of Florida (2) who were sent billing statements similar to those attached as Exhibit B (3) where the debt was discharged in bankruptcy and (4) Defendant SLS had record of the discharge.

The FDCPA Billing Class:

(1) All persons nationwide (2) who were sent billing statements similar to those attached as Exhibit B (3) where the debt was discharged in bankruptcy (4) where SLS began servicing the loan after default.

The FCCPA Hazard Insurance Class:

(1) All persons in the State of Florida (2) who were sent hazard insurance letters similar to those attached as Exhibit C (3) where the debt was discharged in bankruptcy and (4) Defendant SLS had record of the discharge.

The FDCPA Hazard Insurance Class:

(1) All persons nationwide (2) who were sent hazard insurance letters similar to those attached as Exhibit C (3) where the debt was discharged in bankruptcy (4) where SLS began servicing the loan after default.

44.     The relevant time periods for the Class claims is one year from the date of the complaint for the FDCPA classes and two years from the date of the complaint for the FCCPA classes.

45.     Plaintiff reserves the right to amend the above-stated class definitions based upon facts learned in discovery.

46.     Plaintiff also alleges on information and belief that based upon the number of mortgages and second mortgages Defendant services in the State of Florida, the Class are so numerous that joinder of all members is impracticable. There are more than forty (40) individuals in the FCCPA Billing Class or the FCCPA Hazard Insurance Class as previously defined herein

and in the same fashion, there are more than forty (40) individuals in the FDCPA Billing Class or the FDCPA Hazard Insurance Class as previously defined herein.

47.    There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

a.    Whether Defendant SLS's conduct is governed by the FDCPA, and/or the FCCPA.

b.    Whether the billing statements sent to Plaintiff and the FCCPA Billing Class similar to *Exhibit B* violated the FCCPA.

c.    Whether the billing statements sent to Plaintiff and the FDCPA Billing Class similar to *Exhibit B* violated the FDCPA.

d.    Whether the hazard insurance letters to Plaintiff and the FCCPA Hazard Insurance Class similar to *Exhibit C* violated the FCCPA.

e.    Whether the hazard insurance letters to Plaintiff and the FDCPA Hazard Insurance Class similar to *Exhibit C* violated the FDCPA.

48.    Plaintiff's claims are typical of those of the members of the FDCPA and the FCCPA Classes. Within the Classes, all claims are based on the same facts and legal theories. All claims of the Classes and Plaintiff have standing under Article III of the Constitution, with injuries easily traceable to debt collection communications and sending of billing statements or hazard insurance letter to discharged debtors.

49.    Plaintiff will fairly and adequately protect the interests of the Classes.  She has retained counsel experienced in handling actions involving unlawful practices under FCCPA,

FDCPA, and class actions. Neither Plaintiff nor her counsel has any interest that might cause them not to vigorously pursue this action.

50.     Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

        a.     The questions of law or fact common to the members of the FDCPA Billing Class predominate over any questions affecting individual members.

        b.     The questions of law or fact common to the members of the FDCPA Hazard Insurance Class predominate over any questions affecting individual members.

        c.     The questions of law or fact common to the members of the FCCPA Billing Class predominate over any questions affecting individual members.

        d.     The questions of law or fact common to the members of the FCCPA Hazard Insurance Class predominate over any questions affecting individual members.

        e.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the claims rely on standard form letters sent to hundreds of possible class members.

51.     Certification of the Classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief appropriate with respect to the Classes as a whole.

52.     Plaintiff requests that the FCCPA Billing Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

53.     Plaintiff requests that the FCCPA Hazard Insurance Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

54.     Plaintiff requests that the FDCPA Billing Class be certified under Rule 23(b)(3) for monetary damages.

55.     Plaintiff requests that the FDCPA Hazard Insurance Class be certified under Rule 23(b)(3) for monetary damages.

**COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")**
**(FCCPA BILLING CLASS)**

56.     Plaintiff, on behalf of herself and all other similarly-situated FCCPA Billing Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 and 43 through 55 above as if fully set forth herein.

57.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

58.     At all times material herein, Plaintiff and all FCCPA class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

59.     At all times material herein, Plaintiff's and the Class Members' debts were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

60.     At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

61.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6).  The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his

13

part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

62.     Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

> (7)  "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."
>
> (9)  "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7)(9).

63.     Defendant sent Plaintiff a billing statement which states that she owed a total amount due of $47,581.88. ***See Exhibit B.*** This debt had been discharged in bankruptcy.

64.     Upon information and belief, Defendant had knowledge of Plaintiff's and the FCCPA Billing Class members' debts being discharged when it began servicing the mortgage files.

65.     By demanding payment for a discharged debt, Defendant has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA Billing Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

66.     For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test.  *See* <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

67.     As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the FCCPA Billing Class have been harmed.

68.     Plaintiff and the FCCPA Billing Class are entitled to statutory damages of $1,000 per individual and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

69.     Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's and the Class' rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

WHEREFORE, Plaintiff prays that the Court enter an Order:

a) Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FCCPA Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b) Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7) - (9), and awarding Plaintiff and the FCCP Billing Class actual damages in the form of money paid to Defendant on discharged debts and statutory damages pursuant to Florida Statutes § 559.77(2);

c) Permanently enjoining Defendant from sending billing statements similar to ***Exhibit B*** in the manner described in this lawsuit;

d) Permanently enjoining Defendant from threatening Plaintiff and the FCCPA classes in the manner described in this lawsuit;

e) Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 15 U.S.C. § 1692k(a)(3).;

f) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA") (FCCPA HAZARD INSURANCE CLASS)

70.     Plaintiff, on behalf of herself and all other similarly-situated FCCPA Hazard Insurance Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 28, 30, and 43 through 55 above as if fully set forth herein.

71.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

72.     At all times material herein, Plaintiff and all FCCPA Hazard Insurance cCass members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

73.     At all times material herein, Plaintiff and all Class Members' debts were "debts" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

74.     At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

75.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6).  The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

76.     Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

> (7)  "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9)  "…, or assert the existence of some other legal right when such person knows
that the right does not exist.

Fla. Stat. §559.72(7)(9).

77.    Defendant sent Plaintiff and FCCPA Hazard Insurance Class Members a letter
which states that they "must pay" for insurance that the Defendant purchased on the surrendered
properties. *See Exhibit C.*

78.    Upon information and belief, Defendant had knowledge of Plaintiff's and the
FCCPA Hazard Insurance Class members' debts being discharged when it began servicing the
mortgage files.

79.    By demanding payment for hazard insurance which Plaintiff and Class Members
would not owe, Defendant has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in
other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA
Billing Class and also "…, or assert the existence of some other legal right when such person
knows that the right does not exist."

80.    For purposes of the claims brought in this action, the applicable standard under the
FCCPA is "the least sophisticated" consumer test.  *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168,
1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for
guidance).

81.    As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and
the FCCPA Hazard Insurance Class have been harmed.

82.    Plaintiff and the FCCPA Hazard Insurance Class are entitled to statutory damages
of $1,000 per individual and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

83.     Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's and the Class' rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

WHEREFORE, Plaintiff prays that the Court enter an Order:

h)  Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FCCPA Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

i)  Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7) - (9), and awarding Plaintiff and the FCCPA Hazard Insurance Class statutory damages pursuant to Florida Statutes § 559.77(2);

j)  Permanently enjoining Defendant from hazard insurance letters similar to ***Exhibit C*** in the manner described in this lawsuit;

k)  Permanently enjoining Defendant from threatening Plaintiff and the FCCPA classes in the manner described in this lawsuit;

l)  Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 15 U.S.C. § 1692k(a)(3).;

m) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

n)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")
### (FCCPA INDIVIDUAL CLAIM)

84.     Plaintiff incorporates Paragraphs 1 –28 as fully stated herein.

85.     At all times material herein, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

86.     At all times material herein, Plaintiff's debt was a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

87.     At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

88.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6).  The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

89.     Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

(7)  "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9)  "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7),(9).

90.     Defendant sent Plaintiff a billing statement which states that she owed a total amount under the mortgage. *See Exhibit B.* This debt had been discharged in bankruptcy.

91.     Upon information and belief, Defendant had knowledge of Plaintiff's debt being discharged when it began servicing the mortgage files.

92.     By demanding payment for a discharged debt, Defendant has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

93.     For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test.  *See* <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

94.     As a direct and proximate result of Defendant's FCCPA violations, Plaintiff has been harmed.

95.     As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

96.     Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

WHEREFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For attorney's fees and costs incurred in this action;

f)  For such other and further relief as the Court may deem just and proper.

## COUNT IV: CLAIMS AGAINST DEFENDANT SLS FOR VIOLATIONS OF THE FDCPA
### (FDCPA Billing Statement Class)

97.     Plaintiff, on behalf of herself and all other similarly-situated FDCPA Billing Statement Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 28, 31, and 43 through 55 above as if fully set forth herein.

98.     Plaintiffs and Billing Statement Class members are "consumers" as that term is defined by 15 U.S.C. §1692(a)(3).

99.     Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6) as Plaintiff's loan was in default at the time Defendant SLS acquired the loan.

100.    At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff and Billing Statement Class Members (the "Debt").

101.    At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

102.    When Defendant SLS began servicing the debts of the Class Members, the debts were in default.

103.    At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

104.    This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

105.    The billing statements are "communications" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff and the Class Members' debts were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

106.    Defendant attempted to collect on debts it knew were discharged in bankruptcy.

107.    By misrepresenting the status of the debt as collectible and attempting to collect a debt that was discharged in bankruptcy, Defendant violated:

     a.    15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

     b.    15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

     c.    15 U.S.C.  §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

108.    As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class Members have been harmed.  Plaintiff and Billing Statement Class Members are entitled to statutory damages, attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays that the Court enter an Order:

   a)    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FDCPA Billing Statement Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

   b)    Adjudging that Defendant violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C. §1692d and awarding Plaintiff and the Class actual damages in the form of money paid to Defendant on discharged debts and statutory damages pursuant to the 15 U.S.C. § 1692k(a)(3);

c)  Permanently enjoining Defendant from sending billing statements similar to **Exhibit B** in the manner described in this lawsuit;

d)  Permanently enjoining Defendant from threatening Plaintiff and the FDCPA Class in the manner described in this lawsuit;

e)  Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3).;

f)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V: CLAIMS AGAINST DEFENDANT SLS FOR VIOLATIONS OF THE FDCPA
**(FDCPA Hazard Insurance Class)**

109.    Plaintiff, on behalf of herself and all other similarly-situated FDCPA Hazard Insurance Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 28, 32, and 43 through 55 above as if fully set forth herein.

110.    Plaintiffs and Discharge Class members are "consumers" as that term is defined by 15 U.S.C. §1692(a)(3).

111.    Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6) as Plaintiff's loan was in default at the time Defendant SLS acquired the loan.

112.    At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff and FDCPA Hazard Insurance Class Members (the "Debt"). The specific debt for this class was the price of hazard insurance on the properties that had been surrendered.

113.    Plaintiff and Class Members had no obligations to pay the hazard insurance, despite Defendant's letter which stated they "must pay" for it. **See Exhibit C.**

114.   At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

115.   When Defendant SLS began servicing the debts of the Class Members, the debts were in default.

116.   At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

117.   This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

118.   The billing statements are "communications" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff and the Class Members' debts were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

119.   Defendant demanded payment on hazard insurance debts it knew Plaintiff and the Class Members did not owe.

120.   By misrepresenting the status of the hazard insurance debt as collectible and attempting to collect a debt which Plaintiff and the Class Members had no obligation to pay, Defendant violated:

       d.   15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

       e.   15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

      f.   15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

121.    As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class Members have been harmed.  Plaintiff and Discharge Class Members are entitled to statutory damages, attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3). WHEREFORE, Plaintiff prays that the Court enter an Order:

a)  Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FDCPA Hazard Insurance Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b)  Adjudging that Defendant violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C. §1692d and awarding Plaintiff and the Discharge Class actual damages in the form of money paid to Defendant on discharged debts and statutory damages pursuant to the 15 U.S.C. § 1692k(a)(3);

c)  Permanently enjoining Defendant from sending hazard insurance letters similar to ***Exhibit C*** in the manner described in this lawsuit;

d)  Permanently enjoining Defendant from threatening Plaintiff and the FDCPA Hazard Insurance Class in the manner described in this lawsuit;

e)  Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3).;

f)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI: CLAIMS AGAINST DEFENDANT EXPERIAN FOR VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 *et seq.*
### (FCRA Individual Claim)

122.     Plaintiff incorporates Paragraphs 1-28 and 33-42 above as fully stated herein.

123.     Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

124.     Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

125.     Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

126.     Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

127.     Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

128.     Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

129.     Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

130.     In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

131.     Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

132.     Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

133.    Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

134.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Experian:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

**COUNT VII: CLAIMS AGAINST DEFENDANT SLS FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***
**(FCRA Individual Claim)**

135.    Plaintiff incorporates Paragraphs 1 – 28, 33-42 and above as fully stated herein.

136.    Defendant SLS has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

137.    Specifically, SLS violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

138.    Further, SLS violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, fraudulent, obsolete and/or incomplete.

139.    Following the reinvestigation and dispatch of direct notice to SLS, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

140.    SLS's reinvestigation was not conducted in good faith.

141.    SLS's reinvestigation was not conducted reasonably.

142.    SLS's reinvestigation was not conducted using all information reasonably available to SLS.

143.    SLS's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report.

144.     SLS's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

145.     As a result of SLS's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

146.     SLS's conduct, action and inaction is willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

147.     Plaintiff is entitled to recover costs and attorney fees from Defendant SLS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant SLS.:

a)     For actual damages;

b)     For compensatory damages;

c)     For statutory damages;

d)     For punitive damages;

e)     For attorney's fees and costs incurred in this action;

f)     For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)     For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues herein.

/s/ Max Story, Esq._____
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
Max Story PA
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was electronically

filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic

filing to all counsel of record, this 13th of November, 2020.

/s/ Max Story, Esq.
Florida Bar:  0527238