UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELYN CRUSE,
Plaintiff,

CASE NO.: 3:20-cv-506-J-34JBT

vs.

SPECIALIZED LOAN SERVICING, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendants.

DEMAND FOR JURY TRIAL

_____/

## THIRD AMENDED COMPLAINT

1. This is an action brought by Plaintiff, Jacquelyn Cruse, under the Fair Credit Reporting Act (FCRA) against Defendant Specialized Loan Servicing, LLC (hereinafter "SLS") and Defendant Experian Information Solutions, Inc. (hereinafter "Experian").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (b), and 15 U.S.C. § 1681p. Venue in this District is proper because SLS maintains and conducts business within this District, Experian maintains and does business in this District, pursuant to FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### STANDING

3. Plaintiff has individual standing under the FCRA to bring her claims as she was damaged by Defendant SLS's and Experian's improper reinvestigations of credit through reduction of her credit score and creditworthiness, among other actual damages.

1

**PARTIES**

4. Plaintiff is a natural person and a resident of Duval County, Florida. At all times material hereto, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA. Plaintiff has standing to bring a claim under the FCRA because she was directly affected by violations of this Act and was subjected to Defendant's illegal and improper debt collection activities.

5. Defendant SLS is a Delaware corporation specializing in mortgage servicing, based in Highlands Ranch, CO. Defendant will be served through its registered agent, UNITED AGENT GROUP INC. in Palm Beach Gardens, FL.

6. Defendant SLS is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

7. Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626 and is subject to the jurisdiction of this Court.

8. At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

9. Plaintiff filed Chapter 13 bankruptcy in May 16, 2014. In the bankruptcy, she included a mortgage on her property at 235 East 25th Street, in Jacksonville, Florida (the "Debt").

10. Plaintiff completed her Chapter 13 bankruptcy and was discharged on July 3, 2018. The Order of Discharge provided notice to the creditors that the note and underlying

debt secured by the subject mortgage was not collectable. Pursuant to the bankruptcy discharge order, Plaintiff was fully released from any and all personal monetary liabilities on the subject loan.

11. Following the Chapter 13 bankruptcy, sometime in October 2019, SLS began reporting the discharged Debt as late and owing over $47,000 on Plaintiff's Experian Report.

12. In response to this, on or about March 14, 2020, Plaintiff submitted a dispute letter (hereinafter "Dispute Letter") via U.S. mail to Experian disputing the reporting of the SLS account. ***See attached the "Dispute Letter" as Exhibit A.***

13. On April 10, 2020, Experian responded to the Dispute Letter, finding that SLS's information was verified as accurate and updated on Plaintiff's credit report, reflecting not only late payments for the discharged obligation, but also that a foreclosure had begun against Plaintiff. ***See attached the "Experian Response" as Exhibit B.***

14. After receiving Plaintiff's dispute, Experian notified SLS of Plaintiff's dispute of the Debt.

15. Upon information and belief, SLS was informed of this dispute, failed to conduct a reasonable investigation of such, and verified to Experian that the disputed information was being reported accurately even though the account is completely inaccurate.

16. When Plaintiff disputed the account, Defendant Experian was required to perform a reinvestigation; however, Defendant Experian did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

17. When Plaintiff disputed the account, Defendant SLS was required to perform a reinvestigation; however, Defendant SLS continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

18. As a result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion.

19. As a result of Defendants' inaccurate credit reporting of the Debt on Plaintiff's credit reports, Plaintiff's credit score was reduced and her creditworthiness reputation was damaged considerably.

20. Defendant SLS in fact had the audacity to include a foreclosure now on Plaintiff's discharged account, thereby harming her credit further.

## COUNT I: CLAIMS AGAINST DEFENDANT EXPERIAN FOR VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 et seq.

21. Plaintiff incorporates Paragraphs 1-20 above as fully stated herein.

22. Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

23. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

24. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

25. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

26. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

27. Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

28. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

29. In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

4

30. Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

31. Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

32. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

33. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Experian:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For attorney's fees and costs incurred in this action;

e)  For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)  For such other and further relief as the Court may deem just and proper.

**COUNT II: CLAIMS AGAINST DEFENDANT SLS FOR VIOLATIONS OF THE FCRA
15 U.S.C. § 1681 et seq.**

34. Plaintiff incorporates Paragraphs 1 – 20 and above as fully stated herein.

35. Defendant SLS has willfully and/or negligently violated the provisions of the

36. FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

37. Specifically, SLS violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

38. Further, SLS violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, fraudulent, obsolete and/or incomplete.

39. Following the reinvestigation and dispatch of direct notice to SLS, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

40. SLS's reinvestigation was not conducted in good faith.

41. SLS's reinvestigation was not conducted reasonably.

42. SLS's reinvestigation was not conducted using all information reasonably available to SLS.

43. SLS's reinvestigation was per se deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report.

44. SLS's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

45. As a result of SLS's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

46. SLS's conduct, action and inaction is willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant t0 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

47. Plaintiff is entitled to recover costs and attorney fees from Defendant SLS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant SLS.:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted this 5th of January, 2021.

_____/s/ Max Story, Esq._____
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
MAX STORY PA
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 5th of January, 2021.

**/s/ Max Story, Esq.**
**Florida Bar:  0527238**